**No. 41576.**—Protest 897168–G of Standard Oil Co. of Calif. (Los Angeles).

KEEFE, Judge: The merchandise involved here consists of parts of diesel engines destined to be installed upon the motorship *California Standard,* an American vessel documented under the laws of the United States. The spare parts in question were transported to the United States in the hold of the *California Standard* as ordinary freight. Upon landing entry was filed under the provisions of section 466 of the Tariff Act of 1930, and duty was assessed by the collector at 50 percent ad valorem, as provided for in said section. The plaintiff claims that the said spare parts are properly dutiable under paragraph 372 at 27½ percent ad valorem or under paragraph 397 at 45 percent ad valorem.

At the trial the broker making the entry testified that the spare parts were designed for the diesel engines operating the importing vessel; that they were landed upon the dock, unpacked, and installed upon the vessel in the United States; and that entry was made under section 466 in order to avoid any danger of forfeiture under the provisions of that section.

Section 466 of the Tariff Act of 1930 provides as follows:

SEC. 466. EQUIPMENT AND REPAIRS OF VESSELS.

Sections 3114 and 3115 of the Revised Statutes, as amended by the Tariff Act of 1922, are amended to read as follows:

"SEC. 3114. The equipments, or any part thereof, including boats, purchased for, or the repair parts or materials to be used, or the expenses of repairs made in a foreign country upon a vessel documented under the laws of the United States to engage in the foreign or coasting trade, or a vessel intended to be employed in such trade, shall, on the first arrival of such vessel in any port of the United States, be liable to entry and the payment of an ad valorem duty of 50 per centum on the cost thereof in such foreign country; and if the owner or master of such vessel shall willfully and knowingly neglect or fail to report, make entry, and pay duties as herein required, such vessel, with her tackle, apparel, and furniture, shall be seized and forfeited. For the purposes of this section, compensation paid to members of the regular crew of such vessel in connection with the installation of any such equipments or any part thereof, or the making of repairs, in a foreign country, shall not be included in the cost of such equipment or part thereof, or of such repairs.

"SEC. 3115. If the owner or master of such vessel furnishes good and sufficient evidence—

"(1) That such vessel, while in the regular course of her voyage, was compelled, by stress of weather or other casualty, to put into such foreign port and purchase such equipments, or make such repairs, to secure the safety and seaworthiness of the vessel to enable her to reach her port of destination; or

"(2) That such equipments or parts thereof or repair parts or materials, were manufactured or produced in the United States, and the labor necessary to install such equipments or to make such repairs was performed by residents of the United States, or by members of the regular crew of such vessel,

then the Secretary of the Treasury is authorized to remit or refund such duties, and such vessel shall not be liable to forfeiture, and no license or enrollment and license, or renewal of either, shall hereafter be issued to any such vessel until the collector to whom application is made for the same shall be satisfied, from the oath of the owner or master, that all such equipments and repairs made within the year immediately preceding such application have been duly accounted for under the provisions of this and the preceding sections, and the duties accruing thereon duly paid; and if such owner or master shall refuse to take such oath, or take it falsely, the vessel shall be seized and forfeited."

Paragraph 372 under which the plaintiff claims the merchandise to be dutiable, provides in part as follows:

PAR. 372. * * * all other machines, finished or unfinished, not specially provided for, 27½ per centum ad valorem: *Provided,* That parts, not specially provided for, wholly or in chief value of metal or porcelain, of any of the foregoing, shall be dutiable at the same rate of duty as the articles of which they are parts * * *.

We are of the opinion that the provisions of section 466, *supra*, have particular reference to installations of equipments and repairs made while an American vessel is abroad. Because of the fact that the equipment or repair parts or materials to be used therefor are incorporated as a part of the vessel, such articles may not be identified *per se*, and importation of the same in the regular manner as merchandise landed in the United States is impossible. In order to discourage American vessels from seeking repairs in foreign shipyards resulting in the loss of labor to our American workmen, and otherwise to protect the revenue, Congress provided a flat rate of duty upon the articles so purchased and installed, making dutiable also the cost of labor. An exception however was made in case that such equipment or repairs was needed by such vessel because of stress of weather or other casualty so that said vessel might insure her seaworthiness and proceed to her port of destination. In such event, no duty was assessed.

Inasmuch as the evidence establishes that all of the machinery parts purchased abroad arrived in the United States and were landed within the limits of the customs district in its condition as delivered to the ship in the foreign port, it becomes imported merchandise within the meaning of the customs laws and therefore is subject to all the provisions of the Tariff Act of 1930 applicable to that particular class of goods. Being regularly subject to duty under the tariff law, it is therefore excluded from the provisions of section 466, which relate particularly to merchandise that is not imported within the meaning of such laws.

Judgment will therefore be entered in favor of the plaintiff, directing the collector of customs to reliquidate the entries and assess duty at 27½ per centum ad valorem under paragraph 372, Tariff Act of 1930.

### DISSENTING OPINION

EVANS, Judge: I regret that I am unable to agree with the majority opinion in this case. As I read section 466 of the Tariff Act of 1930, amending sections 3114 and 3115 of the Revised Statutes, it provides, among other things, that the equipment purchased in foreign countries for American vessels therein described shall be assessable on the first arrival of such vessel in a port of the United States at the rate of 50 percent ad valorem based on the cost of such equipment in such foreign country.

Section 3114 of the Revised Statutes was enacted in 1866. Originally this section imposed duty at the rate of 50 percent ad valorem upon the cost of equipment purchased in foreign countries for American vessels documented under the laws of the United States to engage in the foreign or coasting trade on the northern, northeastern, and northwestern frontiers of the United States, or a vessel intended to be employed in such trade. Congress in the Tariff Act of 1922 (section 466) for the first time incorporated this section in a tariff act and amended it by deleting the words "on the northern, northeastern, and northwestern frontiers of the United States." The section thereafter applied to all vessels documented under the laws of the United States to engage in the foreign or coasting trade, and vessels intended to be employed in such trade. The Tariff Act of 1930 further amended said section by adding a provision that compensation paid to members of the regular crew in connection with the installation of such equipment or repairs should not be included in the cost of said equipment or repairs.

In my opinion the law as originally enacted in 1866 was intended for the protection of American industry, viz, American shipyards in the case of repairs, and other industries in the case of equipment, which might include a number of industries. By providing for a duty upon such equipment and repairs it seems safe to assume that the legislative body had in mind the fact that American vessels might be laid up for the winter in Canadian waters and obtain the needed

equipment or repairs in Canadian ports, thus depriving the American shipyards and industries of a source of revenue.

This view of the intent of Congress is borne out by the legislative history of said section 466, which to my mind indicates that the legislative body provided for a duty of 50 percent on the cost of such equipment and repairs for American vessels.

An examination of that history discloses that when H. R. 2667, which later became the Tariff Act of 1930, was reported from the Committee on Ways and Means the report thereon contains on p. 171 thereof the following in regard to section 466:

### Section 466. Equipment and Repairs of Vessels

Sections 3114 and 3115 of the Revised Statutes are set out in section 466 of the 1922 Act as amended by that Act. Section 3114 places a duty of 50 percent on the cost of equipment and repairs purchased for or made upon vessels of the United States in foreign countries. A clarifying amendment to this section has been made in the bill, recognizing the construction placed by the Attorney General upon the section to the effect that any compensation paid to the members of the regular crew of a vessel in connection with the installation of equipment or the making of repairs abroad shall not form any part of the dutiable cost of such equipment or repairs.

By section 3115 it is provided that any duties upon equipment or repairs under the preceding section may be remitted or refunded upon proof to the Secretary of the Treasury that the vessel while in the regular course of her voyage was compelled by stress of weather or other casualty to put in to a foreign port and purchase the equipment or make the repairs in question to secure the safety of the vessel to enable her to reach her port of destination. Your committee believes that the limitations of this section are too strict and result in an unnecessary burden on American shipping.

The section as construed does not permit the remission or refunding of duties in the case of equipment purchased or repairs made in the ordinary course of the voyage to replace wornout equipment or to repair minor damages or ordinary wear and tear. The bill, therefore, amends the section to provide that equipment purchased or repairs made in a foreign country in order to maintain the vessel in a seaworthy condition, or to repair damages suffered or to replace equipment worn out during the voyage, or to maintain the vessel in a sanitary and proper condition, shall not be dutiable. It is, of course, not contemplated that general overhauling or reconditioning, alterations, or improvements, done or made abroad, shall be exempt from duty under the provisions of this section.

It sometimes occurs that the owner of a vessel finds it desirable to put her up for the winter or to place her in dry dock in near-by foreign territory. In some cases American parts and equipment are readily available and may be easily installed by American labor during such period. The mere fact that the work is actually done and the equipment or repair parts installed in a foreign country should not, it is believed, result in the imposition of duty. A further amendment to section 3115 has, therefore, been made to cover such cases.

When the bill was before the Committee on Finance of the Senate, the following report was made by that committee in regard to said section 466.

### Section 466. Equipment and Repair of Vessels.

Section 466 of the 1922 Act amended sections 3114 and 3115 of the Revised Statutes, relating to equipment and repairs of vessels. Section 3114 as so amended provided for the payment of a duty of 50 per cent of the cost of equipment purchased or repairs made in a foreign country by a United States vessel. Section 3115 provided for the remission or refund of such duties upon showing that the vessel, while in the regular course of her voyage, was compelled by stress of weather or other casualty to put into a foreign port and purchase such equipment or make such repairs to enable her to reach her destination in safety. The House bill rewrote this provision so as to allow a greater latitude in the making of repairs and purchase of equipment abroad and subsequent entry thereof free of duty. In effect the provision as rewritten would permit almost any sort of operation short of general overhauling or reconditioning to be carried on in a foreign port without the payment of duty upon entry of the vessel in the United States. Your committee believes that such a provision would be too much of a

detriment to American shipyards, and that the present law affords sufficiently generous treatment to American shipping interests. Accordingly, in the bill as reported, the provision in the 1922 Act has been restored.

The House bill carries an additional amendment exempting from duty equipment purchased or repairs made in a foreign port, where it is shown that the equipment or repair parts were manufactured in the United States and were installed by American labor. This provision has been retained in the bill as reported by your committee. (Report of the Committee on Finance to accompany H. R. 2667, p. 71.)

In the Conference Report (p. 109) we find that the Senate amendment was accepted by the House and the section was finally enacted as thus amended.

Inasmuch as the legislative history clearly indicates an intention on the part of Congress to give special consideration and protection to shipyards and those persons engaged in the manufacture and sale of ships' stores and equipment, the court should hold that such merchandise when bought for and put to the use so mentioned in section 466, *supra*, should be held to be set apart from ordinary merchandise imported and entered in the commerce of the country. If these repair parts had been installed abroad I assume no question would be raised but what said section 466 would apply. The fact that the steamship company in question brought the engine parts to this country on its own vessel and installed them in this country can make no difference in the character or kind of merchandise involved. That is to say, that it is still equipment and repair parts for vessels documented under the laws of the United States, described in said section 466, and as such should be held dutiable under that section. If merchandise of the character and kind imported for the purpose herein established can be permitted to land and pay the ordinary duty, then the way is open to evade the plain purpose and intent of said section 466.

I therefore think that the action of the collector in assessing duty under said section at 50 percent ad valorem upon the cost of the engine parts in question was in accordance with the wording of the statute and the intent of Congress and that the plaintiff's claim should be overruled.